## Registration of Bottling Concerns

ADAMS, Deputy Attorney General, October 16, 1940.— This department is in receipt of your request asking

whether each plant operated by an out-of-State bottling or manufacturing concern is required to be registered with the Department of Agriculture, by reason of the Act of May 14, 1925, P. L. 730, as amended by the Act of June 25, 1937, P. L. 2140, 31 PS §§761 to 780, inclusive.

Your inquiry no doubt arises from section 2 of the Act of 1925, supra, as amended, which reads in part as follows:

"It is unlawful for any person to import into this Commonwealth for sale any carbonated beverage or still drink which is not registered with the Department of Agriculture."

The act above referred to is entitled "An act for the protection of the public health in the manufacture and sale of carbonated beverages and still drinks; providing for the registration thereof; prohibiting the sale, offering or exposing for sale, exchange or giving away thereof in certain cases unless registered; regulating the manufacture, bottling, preparation, mixing, and compounding of carbonated beverages or still drinks, and the sale and dispensing thereof; creating a special fund in the State Treasury; and providing penalties."

Section 2 of this Act of 1925, as amended, supra, reads:

"It is unlawful for any person to sell, offer, or expose for sale or exchange or give away, or have in possession with intent to sell, any carbonated beverage or still drink . . . unless the same has been registered with the Department of Agriculture."

Section 3 of the Act of 1925, supra, reads:

"*Any person*, whether a resident or nonresident of this Commonwealth, *manufacturing or bottling any carbonated beverages or still drinks shall register such beverages with the Department of Agriculture* by filing an application for such purpose on a form to be prescribed by the Department of Agriculture. Such application shall state (*a*) the name and address of the applicant, (*b*) the location of his manufacturing or bottling plant, (*c*) the name of each beverage to be registered, and (*d*) such other in-

formation as may be required by the Department of Agriculture. The application shall be accompanied by a fee of fifty dollars. *The Department of Agriculture shall issue to each applicant a certificate of registration for all carbonated beverages or still drinks manufactured or bottled by him.* Such registration shall expire one year from the issuance thereof, unless renewed annually by the payment of a fee of fifty dollars.

"The Department of Agriculture may revoke any registration whenever it is determined by it that any of the provisions of this act or of any other act relating to carbonated beverages or still drinks have been violated." (Italics supplied.)

Section 4 makes it unlawful to label, mark, or cap unregistered beverages.

Section 5 declares what ingredients may be used in making beverages, and defines adulteration of beverages.

Section 6 requires the marking of containers of artificially flavored or colored beverages.

Section 7 requires the display of cards with the information mentioned in section 6.

Section 8 requires the marking, labeling, and capping of bottles showing the name and address of the manufacturer or bottler.

Section 9 requires the cleansing of all bottles with a specified solution before being used.

Section 10 prohibits the use of bottles in which the metal or rubber parts of the stopper come in contact with the beverage.

Sections 11, 12, 13, 14, 15, 16, and 17 are of a similar nature and deal with beverages, their manufacture, and care after manufacture.

Section 2, first above referred to, indicates the intention of the General Assembly to require the registration of beverages rather than bottling plants or places of manufacture. Of course, we could not inspect or legislate in connection with out-of-State plants.

As a result of our study of the act, we are of the opinion that the General Assembly has emphasized and required the registration of beverages, rather than the registration of the plants of the manufacturer or bottler.

It will be noticed from a reading of section 3 of the Act of 1925, supra, that the form of application requires that the location of the manufacturing or bottling plant be stated. This, of course, by virtue of the provision of the first section of the act, includes the plural and it seems to us that if the General Assembly intended each plant to be registered a separate application would be required for each registration, or there would be some other provision in this section specifically stating that there must be an application or a registration for each plant.

Attention is also called to the sentence in the third section, which reads:

"The Department of Agriculture shall issue to each applicant *a certificate of registration for all carbonated beverages or still drinks manufactured or bottled by him.*" (Italics supplied.)

This law is a health measure passed by the General Assembly pursuant to its police powers. It should not, therefore, we believe, be interpreted as a revenue-producing act.

During the same session of the General Assembly when this law was being amended, the General Assembly passed the Act of May 21, 1937, P. L. 788, 31 PS §740.

That act is entitled "An act for the protection of the public health, and the prevention of fraud and deception, requiring clean, sanitary establishments for the manufacture, preparation or bottling of nonalcoholic drinks and liquid foods, including clean, sanitary ingredients and containers; regulating the maintenance and operation of such establishments, and the use of containers; prescribing penalties; and providing for injunctions in certain cases."

The Act of 1937, supra, covers bottling establishments of the kind referred to in the Act of 1925, supra, and if it

was the intention of the General Assembly to require registration of bottling establishments, it seems to us it would have been required in the Act of 1937, supra, which treats so fully with bottling establishments.

You call our attention to the case of Commonwealth v. Childs Dining Hall Co., 32 Pa. Superior Ct. 467 (1907). This case does not apply, as the act under consideration was a mercantile license act and these acts have always been interpreted to include each and every place or establishment made the subject of the tax.

We are, therefore, of the opinion, and you are accordingly advised, that you should require only one registration of all beverages manufactured or bottled by each person, association, copartnership, or corporation, regardless of residence.